### THE NO. 34.

(District Court, D. Massachusetts. December 8, 1925.)

No. 2756.

1. **United States ⬌52½, New, vol. 19A Key-No. Series—Government is subject to same conditions as private citizens, when engaged in business enterprise.**

When the United States engages in a business enterprise, as operating merchant vessel by Shipping Board, it is subject to same conditions as private citizens.

2. **United States ⬌133—Defense of laches may be set up against United States for not proceeding against scow for damages until more than two years after collision.**

Where collision between scow and steamer, both operated by Shipping Board, occurred in September, 1920, and scow was sold in August, 1922, without notice of any lien, held, that defense of laches could be set up against United States for not proceeding against scow between September, 1920, and August, 1922.

In Admiralty. Libel by the United States against scow No. 34. On exceptions to the answer. Exceptions overruled.

Harold P. Williams, U. S. Atty., and George R. Farnum, Asst. U. S. Atty., both of Boston, Mass., for the United States.

Charles S. Bolster and Blodgett, Jones, Burnham & Bingham, all of Boston, Mass., for claimant.

LOWELL, District Judge. On August 11, 1924, the United States filed this libel against scow No. 34 for damages sustained by the steamer Oshkosh on September 5, 1920, in a collision with scow No. 34 at the foot of Thirty-Sixth street, New York. The scow was owned by the United States and operated by the Shipping Board.

The claimant alleges in his answer that it bought the scow on August 17, 1922, without notice of any lien, and alleges that the lien should not attach to the scow, because the United States was guilty of laches in not proceeding against the scow between September 5, 1920, and August 17, 1922, while the scow was still in the district of New York. The libelant filed an exception to the answer on the ground that "laches did not avail against the libelant." This was the only question argued at the hearing.

In my opinion the defense of laches may be set up against the government in a case like the present one. The New Windsor, 1925 A. M. C. 958.

[1, 2] The steamer Oshkosh was operated by the United States Shipping Board as a merchant vessel. I understand the law to be that, when the United States engages in a business enterprise, it is subject to the same conditions as private citizens. The Llama, 45 S. Ct. 211, 267 U. S. 76, 69 L. Ed. 519, 1925 A. M. C. 323; Mountain Copper Co. v. U. S., 142 F. 625, 73 C. C. A. 621; Rosenberg Bros. & Co. v. U. S. Shipping Board E. F. Corp. (D. C.) 295 F. 372, 380.

The remark of Judge Brewster in The Lake Capens (United States v. Warren Transp. Co.) 7 F.(2d) 161, 1925 A. M. C. 1006, 1009, was a qualification, introduced out of superabundant caution, to a general statement as to the rights of the United States as a suitor. It was not necessary to the decision of the case before him.

The government contends that the rule of law above stated has no application to the case of a merchant vessel operated by the

Shipping Board. This contention is unsound. The Shipping Board stands in no better position than the Emergency Fleet Corporation. Gould Coupler Co. v. U. S. Shipping Board E. F. Corp. (D. C.) 261 F. 716.

Exceptions to answer overruled.